SYLLABUS

(This syllabus is not part of the opinion of the Court.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Supreme Court.  Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**New Jersey Division of Child Protection and Permanency v. J.L.G. (A-80-15) (076543)**

**(NOTE:  The Court did not write a plenary opinion in this case.  Instead, the Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Simonelli's majority opinion, which is published at ___ N.J. Super. ___ (App. Div. 2017).)**

**Argued April 24, 2017 -- Decided May 17, 2017**

**PER CURIAM**

The issue in this appeal is whether defendant abused or neglected seven-year-old girl, "Mary," within the meaning of N.J.S.A. 9:6-8.21(c)(4), by failing to provide the child with proper supervision and unreasonably allowing the infliction of excessive punishment by her mother, "Yvette."  The Family Part judge found that defendant violated the statute.  The Appellate Division affirmed.

On March 29, 2012, the New Jersey Division of Child Protection and Permanency received a referral from Mary's school that Mary had returned after a two-day absence with a bruise on her right cheek below the eye that was covered by make-up.  The caseworker transported Mary to the hospital, where medical personnel found bruises and "red dots" on her stomach similar and bruises on her legs, thighs and back.  Mary eventually disclosed that her mother hit her on the arms and legs, and also hit her on her stomach with "a big spoon" that "had points."

Yvette admitted that she had hit Mary on the arms, legs and thighs with her hand and fist, and on the stomach with a round metal spatula that had holes for draining, because Mary was eating too slowly.  The "red dots" on Mary's left arm and stomach matched the spatula holes.  Yvette disclosed that defendant, her paramour with whom she lived, saw her hitting Mary and "commented to her not to hit [Mary] that she will get in trouble." Defendant admitted that he saw Yvette hit Mary with her hand, but denied seeing her hit Mary with a spatula.  He explained that he walked away because he was holding his infant son and did not want "to expose the baby to that," and that he told Yvette "not to get upset or hit [Mary] like that because [Yvette] will have problems."

The Family Part judge found that Yvette had beaten Mary severely with her fist and the metal spatula.  The judge concluded that Yvette excessively physically abused Mary.  The judge further found that defendant was aware of the abuse and failed to intervene or report it, and that defendant understood the gravity of what was happening because he walked away to protect his infant and warned Yvette that she could get in trouble.  The judge concluded that defendant abused or neglected Mary pursuant to N.J.S.A. 9:6-8.21(c)(4)(b) by failing to provide the child with proper supervision and allowing Yvette to inflict excessive corporal punishment.

Defendant appealed.  The majority of the Appellate Division panel determined, as a threshold matter, that defendant was a "guardian" for Mary within the meaning of N.J.S.A. 9:6-8.21(a) and (c).  The panel concluded that, as Mary's guardian, defendant had an obligation to protect her from the harm inflicted by Yvette.  The panel determined that defendant failed to exercise the minimum degree of care because he could have intervened by shielding Mary from her mother's physical abuse, but chose not to.  The panel further determined that it did not matter whether defendant actually saw Yvette hit Mary with the spatula; that there was sufficient evidence supporting the judge's finding that defendant knew Yvette "was excessively physically abusing" Mary.

The Appellate Division found that defendant's explanation—that he was concerned for his own infant child—was insufficient to absolve him, in particular since the physical beating of Mary continued for a period of time, giving defendant sufficient time to intervene.  The panel determined that by witnessing the abuse and doing nothing about it, defendant abused or neglected Mary within the meaning of N.J.S.A. 9:6-8.21(c)(4).  The panel further concluded that defendant violated N.J.S.A. 9:6-8.21(c)(4)(b) by failing to report the abuse.  The Hon. Michael A. Guadagno, J.A.D., dissented, and J.L.G. appealed as of right.  R. 2:2-1(a)(2).

**HELD:**  The judgment of the Appellate Division is **AFFIRMED** substantially for the reasons expressed in Judge Simonelli's majority opinion.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.**

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

       v.

J.L.G.,

    Defendant-Appellant.

_____

IN THE MATTER OF B.G., M.A.,
and M.G.,

    Minors.

        Argued April 24, 2017 – Decided May 17, 2017

        On appeal from the Superior Court, Appellate
        Division, whose opinion is reported at ___
        N.J. Super. ___ (App. Div. 2017).

        T. Gary Mitchell, Deputy Public Defender,
        argued the cause for appellant (Joseph E.
        Krakora, Public Defender Parental
        Representation, attorney; T. Gary Mitchell,
        of counsel and on the brief).

        Sara M. Gregory, Deputy Attorney General,
        argued the cause for respondent New Jersey
        Division of Child Protection and Permanency
        (Christopher S. Porrino, Attorney General of
        New Jersey, attorney; Andrea M. Silkowitz,
        Assistant Attorney General, of counsel and
        Sara M. Gregory, on the brief).

        Olivia Belfatto Crisp, Assistant Deputy
        Public Defender, argued the cause for minor
        M.A. (Joseph E. Krakora, Public Defender Law
        Guardian, attorney; Olivia Belfatto Crisp,
        on the brief).

PER CURIAM

The judgment of the Superior Court, Appellate Division is affirmed, substantially for the reasons expressed in Judge Simonelli's majority opinion, reported at ___ N.J. Super. ___ (App. Div. 2017).


CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.